UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FANG CONG,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>XUE ZHAO,<br><br>　　　　　　　Defendant. | CASE NO. 2:21-cv-01703-TL<br><br>ORDER DENYING MOTION FOR EMAIL SERVICE |

This matter comes before the Court on Plaintiff's motion for leave to serve Defendant via email (Dkt. No. 12). Having considered the relevant record and governing law, the Court DENIES the motion.

## I. BACKGROUND

Plaintiff Fang Cong, a Chinese citizen, is proceeding *pro se* (without an attorney) in this case alleging copyright infringement of a logo and symbol Cong had designed, in violation of 17 U.S.C. § 504(b). *See* Dkt. No. 1-1 at 3–4, 6. On January 3, 2022, the Court granted her motion

ORDER DENYING MOTION FOR EMAIL SERVICE - 1

for leave to proceed *in forma pauperis*. Dkt. No. 3. Defendant Xue Zhao is alleged to be a developer and publisher who is also a citizen of China. Dkt. No. 1-1 at 3.

On March 3, 2022, Plaintiff filed the instant motion. Dkt. No. 12. In it, Plaintiff seeks authorization to: (1) "service summons and other documents on the Defendant via Email ONCE MORE;" and (2) to continue to serve Defendant via email without Defendant's consent "until the Defendant provides a new address." *Id*. at 2–3 (emphasis in original). In support of this request, Plaintiff cites to Rules 4(c)(1) and 4(m) of the federal rules of civil procedure (FRCP), as well as previous attempts to serve a lawyer who used to represent Defendant. *Id*. at 2.

## II.  LEGAL STANDARD

FRCP 4(c)(1) states that plaintiffs are "responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes the service." Fed. R. Civ. P. 4(c)(1). FRCP 4(m) provides a ninety-day window in which plaintiffs must typically serve defendants; however, it explicitly "does not apply to service in a foreign country under Rule 4(f) . . . ." Fed. R. Civ. P. 4(m). Under FRCP 4(f), individuals located outside of judicial districts of the United States may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1).

The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention") is an international treaty. *See generally* the Hague Service Convention, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638. China and the United States have signed the Hague Convention. *See* Status Table, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated June 17, 2021) (listing parties to the convention). "The Hague Convention requires signatory countries to

establish a Central Authority to receive requests for service of documents from other countries and to serve those documents by methods compatible with the internal laws of the receiving state." *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co., Ltd.*, No. 2:18-cv-01530, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019) (citing *Volkswagenwrek Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988)). "[T]he Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash v. Menon*, 137 S. Ct. 1504, 1507 (2017) (quoting *Schlunk*, 486 U.S. at 699). The Hague Service Convention does not apply in cases where the defendant's address "is not known." Hague Service Convention art. 1. "The Hague Convention does not expressly permit service by email." *Amazon.com Inc. v. Robojap Tech. LLC*, No. 2:20-cv-00694, 2021 WL 4893426, at *2 (W.D. Wash. Oct. 20, 2021); *see also id.* at art. 10. China has objected to Article 10 of the Convention, which allows service by physical mail.

U.S. law also requires service to be "reasonably calculated" to notify a defendant of the lawsuit, so they can have "an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (describing such notice as "[a]n elementary and fundamental requirement of due process").

### III. DISCUSSION

In the Ninth Circuit, district courts have authority to determine when alternative service of process should be granted in any given case. *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Factors courts consider when ruling on a motion for alternative service under Rule 4(f)(3) include "whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether the plaintiff had previously been in contact with the defendant." *Rubie's Costume Co.*, 2019 WL 6310564, at *2 (collecting cases).

The Hague Convention applies to requests for service of process under Rule 4(f)(3). *See, e.g.*, *Rio Props., Inc.*, 284 F.3d at 1015, n.4 ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention . . . ."); *Brockmeyer v. May*, 383 F.3d 798, 801, 805 (9th Cir. 2004) (explaining that Rule 4(f)(3) "authorizes the federal district court to direct any form of service that is not prohibited by an international agreement," while quoting *Schlunk*, 486 U.S. at 705, for the proposition that "compliance with the [Hague] Convention is mandatory to all cases to which it applies . . . .").

Article 10 of the Hague Convention expressly permits service of process by mail. Hague Service Convention art. 10; *see also Water Splash Inc.*, 137 S. Ct. at 1513. However, courts within the Ninth Circuit are divided on whether an objection by a signatory country to Article 10 of the Hague Convention means that the Convention prohibits service of process by email. *Compare Agha v. Jacobs*, No. 5:07-cv-01800, 2008 WL 2051061, at *1–2 (N.D. Cal. May 13, 2008) (declining to authorize alternative service via email on German defendant because Germany has objected to Article 10), *with Rubie's Costume Co.*, 2019 WL 6310564, at *3–4 (allowing email service on Chinese Defendants despite China's objection to Article 10 of the Hague Convention).

Here, even if the Court were inclined to circumvent the Hague Convention, Plaintiff has failed to show that the district court should intervene in the present case at this time. *See Rio Props., Inc.*, 284 F.3d at 1016 (explaining that alternative service can only be authorized where a party shows need based on the case's "facts and circumstances"). The only effort Plaintiff has made to serve Defendant was attempted service on a lawyer who no longer represents Defendant. *See* Dkt. No. 12 at 2. Though Plaintiff does not state so explicitly, it appears that the only physical address that Defendant has provided her was for that lawyer. *See* Dkt. No. 12-2 at 2.

Plaintiff has not alleged that Defendant's physical address is unknown after making reasonable efforts to find an alternative address, and she has not documented any other efforts to find a physical address to serve Defendant.

### IV.  CONCLUSION

For the above reasons, the Court DENIES the motion for email service without prejudice. Plaintiff is INSTRUCTED to either (1) re-file her motion with information explaining the efforts she has made to find an alternative physical address for Defendant **by September 16, 2022**, or (2) take all steps necessary to serve Defendant following the Hauge Convention, including sending the necessary documents to the Central Authority designated by China by no later than **October 3, 2022**. If Plaintiff chooses to serve Defendant following the Hague Convention and Defendant does not appear or otherwise defend this case **within six (6) months** of service through China's Central Authority, Plaintiff may file another motion for alternative service that shows proof that she followed the Hague Convention's requirements in this first attempt at serving Defendant.

Dated this 17th day of August 2022.

Tana Lin
United States District Judge