1
2
3
4
5
6
7
8       UNITED STATES DISTRICT COURT
9       WESTERN DISTRICT OF WASHINGTON
        AT SEATTLE
10

11  FANG CONG,                             CASE NO. 2:21-cv-01703-TL

12                 Plaintiff,              ORDER REQUIRING SERVICE
           v.                              THROUGH CHINA'S CENTRAL
13                                         AUTHORITY
    XUE ZHAO,
14
                   Defendant.
15

16

17      This matter comes before the Court on *pro se* Plaintiff Fang Cong's most recent motion

18  for alternative service (Dkt. No. 14). The Court had previously instructed Plaintiff Cong to either

19  (1) detail the efforts she has made to identify a physical address for Defendant Xue Zhao (alleged

20  to be a Chinese citizen) or (2) serve the Defendant via China's Central Authority. Dkt. No. 13 at

21  2, 5. Plaintiff's motion indicates that she has discovered the Defendant's physical address. Dkt.

22  No. 14 at 3. She requests judicial permission to serve Defendant at this "alternative physical

23

24

ORDER REQUIRING SERVICE THROUGH CHINA'S CENTRAL AUTHORITY - 1

address." *Id*. at 1. The Court understands this to be a request to privately serve Defendant in-person at this physical address instead of serving Defendant through China's Central Authority.

As this Court has previously explained, China is a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents (the Hague Service Convention). Dkt. No. 13 at 2; *see also* the Hague Service Convention, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638. When the Hague Service Convention applies, it "pre-empts inconsistent methods of service." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017). Per the Convention's terms, each country must establish a Central Authority that either serves the relevant documents or arranges for service of those documents upon receiving "an appropriate request." *Id*. at 1508 (citing the Hague Service Convention, arts. 5, 6). The Central Authority will then return a certificate of service that states "the method, the place and the date of service and the person to whom the document was delivered." The Hague Service Convention, art. 6. If the requestor does not receive a certificate of service within six months of transmittal of the documents to the Central Authority "by one of the methods provided for in [the] Convention" and has made "every reasonable effort" to obtain such a certificate, a court has power to authorize service by alternative means. *See id*. at art. 15; Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment, subdivision (f) ("alternate methods may be used if a Central Authority does not respond within six months"); *see also U.S. Aviation Underwriters, Inc. v. Nabtesco Corp.*, No. 7-1221, 2007 WL 3012612, at *2 (W.D. Wash. Oct. 11, 2007) (explaining that a Central Authority's failure to effect service within six months is a situation that may merit alternative means of service). *But see Davis v. Zhou Liang*, No. 17-849, 2018 WL 10502330, at *2 (W.D. Wash. Apr. 5, 2018) (denying entry of default judgment against international defendant more than six months after plaintiff transmitted the summons and complaint to China's Central

Authority because the plaintiff failed to show that he "properly served [d]efendant in satisfaction of Article 15(a)").

Because Defendant's physical address is known, the Hague Service Convention applies. Hague Service Convention, art. 1 (explaining that the Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad" but not "where the address of the person to be served with the document is not known"). Therefore, Plaintiff must attempt to serve the summons and complaint upon Defendant through China's Central Authority.[1]

For the reasons stated in this Order, the Court DENIES Plaintiff's motion. Plaintiff Cong is ORDERED to serve the summons and complaint on Defendant Xue Zhao through China's Central Authority. If Plaintiff does not receive a certificate of service after attempting service through the Central Authority, she may file a new motion seeking alternative service six months after making a proper request to the Central Authority. The motion for alternative service should include enough detail for the Court to determine that Plaintiff followed the procedures required by the Central Authority, and—if the supporting evidence is not in English—should include certified translations of relevant documents to English.

Dated this 13th day of October 2022.

Tana Lin
United States District Judge

---

[1] Contact details for China's Central Authority and other information regarding its compliance with the Hague Service Convention are available at https://www.hcch.net/index.cfm?oldlang=en&act=authorities.details&aid=243.