UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FANG CONG,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>XUE ZHAO,<br><br>　　　　　　　Defendant. | CASE NO. 2:21-cv-01703-TL<br><br>ORDER ON MOTION FOR ALTERNATIVE SERVICE |

Plaintiff Fang Cong alleges that Defendant Xue Zhao infringed on Plaintiff's copyright by using two of Plaintiff's designs in Defendant's video game. Dkt. No. 4 ¶ 34. This matter is before the Court on Plaintiff's Third Motion for Alternative Service Options. Dkt. No. 22. Having considered the relevant record, the Court GRANTS in part and DENIES in part the motion.

## I.   BACKGROUND

Plaintiff is a Chinese citizen proceeding *pro se* (without an attorney) in this case alleging copyright infringement of a logo and symbol Plaintiff had designed, in violation of 17 U.S.C. § 504(b). *See* Dkt. No. 4 at 3–4, 6. Plaintiff alleges that Defendant used two of Plaintiff's designs

on *Things as They Are*, a game available on the video game digital distribution service Steam. Dkt. No. 4 ¶¶ 6, 20; Dkt. No. 22 at 4.

In late 2021, Plaintiff informed Valve, the developers of Steam, of Defendant's alleged copyright infringement. Dkt. No. 22 at 2. Pursuant to the Digital Millennium Copyright Act ("DMCA"), *see* 17 U.S.C. § 512(c), Valve removed the game from Steam. Dkt. No. 4 ¶¶ 27–28. However, Defendant responded with a counter-notification ("Counter-Notice"), *see id.* § 512(g), leading Plaintiff to file suit. Dkt. No. 4 ¶¶ 30–31. Defendant's Counter-Notice listed Defendant's consent to "accept service of process from the person who provided the notice of alleged copyright infringement." *Id*. The Counter-Notice also listed "qazplm1029@126.com" as Defendant's email address, as well as the name, address, and phone number of Defendant's lawyer, Ping Sun. Dkt. No. 4 ¶ 30; Dkt. No. 12-2 at 2.

On February 10, 2022, Plaintiff first attempted to serve Defendant by contacting Sun by telephone. Dkt. No. 12-2 at 3; Dkt. No. 22 at 3. During that call, Sun informed Plaintiff that Defendant had only authorized the lawyer to accept documents from Steam, and Sun promised to inform Defendant of Plaintiff's call. *Id*. However, four days later, Sun's assistant notified Plaintiff by telephone that the "employed relationship" between Sun and Defendant had ended. Dkt. No. 12-2 at 4; Dkt. No. 22 at 3. Plaintiff attempted to mail the summons and complaint to Sun's address, but delivery was rejected. Dkt. No. 11; Dkt. No. 12-2 at 5–7.

Subsequently, Plaintiff filed a motion for alternative service by email. *See* Dkt. No. 12. Plaintiff sought to serve Defendant at two email addresses: (1) the email address provided by Defendant in its Counter-Notice; and (2) the email at which Plaintiff had corresponded with defendant for several years when discussing the designs at issue. Dkt. No. 12-2 at 8-9. The Court denied the motion as premature because at that time, Plaintiff had failed to take all steps necessary to serve Defendant at an alternative physical address. Dkt. No. 13 at 5. Plaintiff was

1  instructed to explain her efforts to find an alternative physical address or "take all steps
2  necessary" to serve Defendant pursuant to the Hague Convention, including sending the
3  necessary documents to China's Central Authority. *Id.*

4  On August 9, 2022, Plaintiff found Defendant's Identification Card Number on Sina
5  Weibo, a Chinese social media platform. Dkt. No. 14-2 at 8; Dkt. No. 22-2 at 7–8. Using this
6  information, Qingdao Municipal Police traced and disclosed Defendant's physical address. Dkt.
7  No. 14-2 at 10; Dkt. No. 22-2 at 9–10. Plaintiff filed a second motion for alternative service on
8  this alternative physical address, which the Court denied with an instruction to follow the Hague
9  Convention. Dkt. No. 15 at 3. Accordingly, Plaintiff attempted to serve Defendant through
10 China's Central Authority using the alternative address. Dkt. No. 22 at 4. However, the Central
11 Authority closed Plaintiff's case because the address did not exist. *Id.*; Dkt. No. 21.

12 Finally, on September 12, 2023, Plaintiff filed the instant motion. Dkt. No. 22. Plaintiff
13 seeks authorization to: (1) "request Valve Corporation to disclose the Defendant's identity
14 information for service by the Plaintiff"; or (2) "request Valve Corporation to contact with the
15 Defendant to obtain the most recent contact address for service by the plaintiff"; or (3) "request
16 Valve Corporation to service to the Defendant." Dkt. No. 22 at 4. In support of the motion,
17 Plaintiff details previous attempts to serve Defendant. *Id.* To date, Defendant has not appeared in
18 this matter.

### II.   LEGAL STANDARD

Service of process on an individual—or any corporation, partnership, or other unincorporated association, *see* Fed. R. Civ. P. 4(h)(2)—outside the United States may occur:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; [or] . . .

ORDER ON MOTION FOR
ALTERNATIVE SERVICE - 3

    (3) by other means not prohibited by international agreement, as the court orders.

*Id.* (4)(f).

  Rule 4(f)(1) references the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638, an international treaty that governs service of process among nations that are party to the Convention, including China and the United States. *See* Status Table, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated June 23, 2023) (listing parties to the Hague Convention). The primary method of service under the Hague Convention is through a signatory country's Central Authority, which serves as a channel for receiving requests for and handling service of process within the country. *See Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*, No. C18-1530, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019). The Hague Convention does not apply "where the address of the person to be served with the document is not known." Hague Convention art. 1.

  Finally, any method of service under U.S. law authorized by the Court must comport with constitutional notions of due process and must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Wright v. Beck*, 981 F.3d 719, 729 (9th Cir. 2020) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

### III. Discussion

  The Ninth Circuit has "commit[ted] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Thus, the party requesting alternate service must "demonstrate that the facts and

circumstances of the present case necessitate[] the district court's intervention." *Id*. at 1016. "Courts consider a variety of factors when evaluating whether to grant relief under Rule 4(f)(3)[,] including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether the plaintiff had previously been in contact with the defendant." *Rubie's Costume Co.*, 2019 WL 6310564, at *2 (permitting alternative service by email on certain Amazon.com sellers of allegedly counterfeit products). Under Rule 4(f)(3), service of process is neither a "last resort" nor "extraordinary relief." *Rio Props., Inc.*, 284 F.3d at 1015 (quoting *Forum Fin. Grp., LLC v. Pres., Fellows of Harvard College*, 199 F.R.D. 22, 23 (D. Me. 2001)).

Plaintiff has shown that alternative service is appropriate here. First, Plaintiff complied with the Hague Convention and "demonstrate[d] that the facts and circumstance of the present case necessitate[] the district court's intervention" for alternate service of process by email. *Rio Props., Inc.,* 284 F.3d at 1016; *see also Rubie's Costume Co.,* 2019 WL 6310564, at *2 (listing factors for consideration). Plaintiff has not been able to identify any legitimate physical address for attempting service on Defendants. Plaintiff investigated the address provided by Defendant in the Counter-Notice, but that address was for Defendant's lawyer, who promised to relay Plaintiff's call to Defendant but then a few days later informed Plaintiff that the lawyer-client relationship with Defendant had expired. *See* Dkt. No. 12-2 at 3–4. Additionally, the Chinese Central Authority closed Plaintiff's case because the address Plaintiff found through Sina Weibo did not exist. *See* Dkt. No. 22 at 4; *see also Will Co. v. Kam Keung Fung*, No. C20-5666, 2020 WL 6709712, at *2 (W.D. Wash. Nov. 16, 2020) (permitting email service where no physical addresses were available because "only partial addresses . . . or addresses [that] are clearly unrelated to the defendants were provided").

Second, Defendant likely has actual notice of this action. Plaintiff previously contacted Defendant's lawyer Sun, who promised to relay the content of Plaintiff's call regarding the dispute. Dkt. No. 12-2 at 3; Dkt. No. 22 at 3. Four days later, Sun's assistant told Plaintiff that the employment relationship had expired. Dkt. No. 12-2 at 4; Dkt. No. 22 at 3.

Third, Defendant appears to be evading service. Defendant has not provided a credible address at which they might be served, despite Defendant's own use of the Counter-Notice provision of the DMCA, which states:

> The subscriber's name, *address*, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found, and that *the subscriber will accept service of process from the person who provided [a DMCA notification] or an agent of such person.*

17 U.S.C. § 512(g)(3)(D) (emphasis added). By providing the lawyer's address instead of their own and failing to accept service, Defendant seeks to both evade and take advantage of the Counter-Notice provision. *See* Dkt. No. 12-2 at 2. Such attempted gamesmanship supports the appropriateness of the Court's intervention here. *See Rio Props., Inc.* 284 F.3d at 1018 (finding service by email satisfied due process where defendant almost exclusively relied on email and was "playing hide-and-seek with the federal court").

However, the Court rejects Plaintiff's proposal to have Valve serve Defendant on Plaintiff's behalf. Plaintiff fails to demonstrate that this proposed method of service comports with due process and is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc.*, 284 F.3d at 1016. Plaintiff argues that service through the above three methods is appropriate because Defendant is much more "proactive" when dealing with Steam. Dkt. No.

ORDER ON MOTION FOR
ALTERNATIVE SERVICE - 6

22 at 4. But Plaintiff provides no evidence that Valve is authorized to disclose Defendant's personally identifying information or most recent address, or to receive service on Defendant's behalf. While the Federal Rules permit service on an appointed agent of an individual (if the individual resides within the United States), *see* Fed. R. Civ. P. 4(e)(2)(c), Plaintiff has not provided any evidence that Valve is an agent of Defendant, such that service through Valve would comport with due process. *Wright*, 981 F.3d at 729.

On the other hand, now that Plaintiff has properly attempted service under the Hague Convention, there is no due process concern with alternative service by email. *See* Dkt. No. 12. At least one of the email addresses Plaintiff previously identified (*i.e.*, 166384115@qq.com) is active and directly connected to Defendant, as Defendant used it to correspond with Plaintiff for the past several years. Dkt. No. 4 ¶¶ 8–13; Dkt. No. 12-2 at 8–9; *see Rio Props., Inc.,* 284 F.3d at 1017 ("[W]e conclude not only that service of process by email was proper . . . but in this case, it was the method of service most likely to reach [defendant]."). The second email address identified (*i.e.*, qazplm1029@126.com) was provided by Defendant in their copyright Counter-Notice. Dkt. No. 12-2 at 2. Thus, service through both emails is reasonably calculated to provide Defendant notice of this action. *See Rio Props. Inc.*, 284 F.3d at 1017 ("[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond.").

Therefore, the Court finds that Plaintiff has failed to show that requesting Valve to effectuate service on Defendant is appropriate. However, this case remains in its early stages, and no Defendant has yet appeared in the case. Further, to promote judicial efficiency and avoid any unnecessary dismissal and re-filing of a case or motion, the Court finds good cause to exercise its discretion and authorize alternative service by email as previously requested by Plaintiff. *See* Dkt. No. 12.

ORDER ON MOTION FOR
ALTERNATIVE SERVICE - 7

## IV. CONCLUSION

Accordingly, the Court GRANTS in part and DENIES in part Plaintiff's Third Motion for Alternative Service Options (Dkt. No. 22). **Within fourteen (14) days** of this Order, Plaintiff is DIRECTED to serve on Defendant a copy of the complaint and summons at the following email addresses: qazplm1029@126.com and 166384115@qq.com. Plaintiff is further DIRECTED to file proof of service **within seven (7) days** of completion.

Dated this 24th day of October 2023.

Tana Lin
United States District Judge