UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FANG CONG and LIN JIANG,<br><br>  Plaintiffs,<br>  v.<br><br>XUE ZHAO; "Conveyor Belt Sushi"; and VALVE CORPORATION,<br><br>  Defendants. | CASE NO. 2:21-cv-01703-TL<br><br>ORDER ON DEFENDANT ZHAO'S MOTIONS TO DISMISS |

This matter is before the Court on Defendant Xue Zhao's Motion to Dismiss (Dkt. No. 53) and Additional Motion to Dismiss[1] (Dkt. No. 55). Having reviewed Plaintiffs' responses (Dkt. Nos. 56, 59), Defendant Zhao's combined reply (Dkt. No. 61), and the relevant record, the Court rules on the motions as follows.

---

[1] Defendant Zhao states that this second motion "serves as a supplement to the previous" motion. Dkt. No. 55 at 1.

A.      **Copyright Ownership**

First, Defendant Zhao "contests th[e] assertion" by Plaintiffs that they "enjoy full copyright" to the disputed artwork at issue in this matter. Dkt. No. 53 at 1–2. Defendant Zhao argues "that's not the truth" and that, instead, "[t]hose images were produced by Plaintiffs **in accordance with design sketches or written descriptions provided by Defendant** during their cooperation and should be regarded as **joint works or works commissioned by Defendant**." Dkt. No. 53 at 2 (boldface in original); *see also* Dkt. No. 55 at 2–6. In response, Plaintiffs argue that Defendant Zhao has not proven his claims. *See* Dkt. No. 56 at 7–28.

The Court understands Defendant Zhao's motion to be brought under Federal Rule of Civil Procedure 12(b)(6). *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (holding that a *pro se* party's pleadings must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam))). But both Parties appear to misunderstand the purpose and scope of a motion to dismiss.

Under Rule 12(b), "the defendant can file a motion to dismiss the complaint based on certain defenses," *Dupree v. Younger*, 598 U.S. 729, 731 (2023), among them "failure to state a claim upon which relief can be granted" (Rule 12(b)(6)). Then, "[i]f the district court denies that motion . . . , the case advances to discovery for the parties to marshal evidence supporting their claims and defenses." *Dupree*, 598 U.S. at 731. "During or after that process, either party can move for summary judgment under Rule 56, which requires a district court to enter judgment on a claim or defense if there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "If the plaintiff's claims survive summary judgment, the case proceeds to trial." *Id.*

1   Further, in reviewing a Rule 12(b)(6) motion to dismiss, the Court considers whether the
2   complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,
3   678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare
4   recitals of the elements of a cause of action, supported by mere conclusory statements," are
5   insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content
6   that allows the court to draw the reasonable inference that the defendant is liable for the
7   misconduct alleged." *Iqbal*, 556 U.S. at 672. When a court reviews a request for dismissal under
8   Rule 12(b)(6), "[a court] accept[s] as true all facts alleged in the complaint and construe[s] them
9   in the light most favorable to plaintiff[ ], the non-moving party." *DaVinci Aircraft, Inc. v. United*
10  *States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs.*
11  *Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

12  Here, Defendant Zhao simply does not address whether, in the Second Amended
13  Complaint, Plaintiffs have sufficiently alleged their copyright ownership. Instead, he appears to
14  offer a defense (*i.e.*, that the works are joint creations in which he shares copyright protection,
15  thus avoiding liability for their use) and facts supporting that defense. *See, e.g.*, Dkt. No. 53 at 4–
16  6. But this argument is better suited for a summary judgment motion, where Defendant Zhao
17  (and Plaintiffs) can present evidence collected in discovery, and the Court can evaluate whether
18  there remain any disputed issues for trial.

19  Defendant also disputes whether the facts alleged by Plaintiffs are correct. *See, e.g., id.* at
20  2–3. However, on a motion to dismiss, the Court must accept the allegations as true and construe
21  them in Plaintiffs' favor, *DaVinci Aircraft*, 926 F.3d at 1122. Thus, for now, the Court must
22  accept as true Plaintiffs' allegations that they are the creators of the artwork at issue, and that the
23  artwork is entitled to copyright protection (*see, e.g.*, Dkt. No. 52 ¶¶ 9, 12, 135–160, 186).

24

1 Defendant Zhao does not challenge the sufficiency of those allegations (taken as true, as they
2 must be here for the purposes of this motion) to state a claim for copyright infringement.
3 Therefore, as to copyright ownership, Defendant Zhao's motion is DENIED.

**B.     Improper Venue**

Second, Defendant Zhao argues that the United States is an "improper venue." *See* Dkt. No. 55 at 6–7; Dkt. No. 61 at 14–15. He asserts that "[a]ll parties involved in this case . . . are Chinese citizens who have never been to the United States," and though the video game using the artwork at issue was released on Steam, a gaming platform, "it only has Simple Chinese version, and nearly all sales came from the Chinese market." Dkt. No. 55 at 6. He notes that "**there are numerous witnesses and evidence related to this case, all of which are located in China.**" *Id.* (boldface in original). He also argues that "[i]t would be very inconvenient for summoning witnesses and presenting evidence[ ]," and the cost "almost unbearable," if the case were maintained here. *Id.* In response, Plaintiffs emphasize that Valve Corporation, the owner of Steam, is based in the United States and is a "crucial witness." Dkt. No. 59 at 6. Plaintiffs also argue that a substantial part of the events occurred in the United States. *See id.* at 8.

The Court understands Defendant Zhao to be arguing for dismissal under the doctrine of *forum non conveniens*. *See Florer*, 639 F.3d at 923 & n.4. Under that doctrine, a court may dismiss a case where litigation in a foreign forum would be more convenient for the litigants. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250 (1981); *see also Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 700–01 (9th Cir. 1995) (holding *forum non conveniens* available in copyright cases). In determining whether to dismiss a case on these grounds, courts will consider: (1) whether an adequate alternative forum exists; and (2) whether the balance of private and public interest factors weigh in favor of dismissal. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). An adequate alternative forum is one where the defendant is

ORDER ON DEFENDANT ZHAO'S MOTIONS TO DISMISS - 4

amenable to service of process. *Id*. at 1143. The defendant must also show that the foreign forum will provide the plaintiff with some remedy for their claims if merited. *Id.* The party seeking the dismissal bears the burden to demonstrate these two grounds are met. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011).

Here, Defendant Zhao appears to address many of the private-interest factors relevant to dismissal, such as the residence of the parties and witnesses and this Court's convenience to the litigants. *See Lueck*, 236 F.3d at 1145. But Defendant Zhao does not address whether China is available as an adequate alternative forum, or any of the public-interest factors relevant to dismissal. *See Lueck*, 236 F.3d at 1143–45, 1147. It is Defendant Zhao's burden to demonstrate an adequate alternative forum, and that the balance of private- and public-interest factors favors dismissal. *See Carijano*, 643 F.3d at 1224. Thus, on the record before it, the Court does not find a sufficient basis to grant dismissal for *forum non conveniens*. However, given that the Parties are *pro se*, the Court will give Defendant Zhao another opportunity to address the issue, including how, if it all, the dismissal of Valve as a party (*see* Dkt. No. 63) affects this analysis.

Therefore, as to "improper venue," Defendant Zhao's motion is DENIED with leave to renew.

C.  **Caution to the Parties**

Finally, the Court offers some words of caution. First, the Parties are reminded that "pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (internal citations omitted). The Court expects the Parties to know the local and federal rules governing this litigation, and to follow them accordingly. For assistance, the Parties may wish to consult this District's "Pro Se Guide to Filing Your Lawsuit in Federal Court," available at https://perma.cc/S7JU-FD6Z.

Second, Plaintiffs are warned that their briefs were overlength. *See* Local Civil Rule ("LCR") 7(e)(1)–(3) (setting limits on length, depending on type of motion or brief). Neither

Party is allowed to file overlength briefs without first getting permission of the Court. LCR 7(f) (procedure for seeking approval to file overlength motion or brief). And the Court "may refuse to consider" any material that is not within the proscribed word or page limits. LCR 7(e)(6).

D.   **Conclusion**

Accordingly, it is hereby ORDERED:

(1)   Defendant Zhao's Motion to Dismiss (Dkt. No. 53) and Additional Motion to Dismiss (Dkt. No. 55) are DENIED.

(2)   To maintain control of the Court's docket and ensure this matter proceeds in a timely manner, if Defendant Zhao wishes to file a motion to dismiss (under the doctrine of *forum non conveniens*), any such motion SHALL be filed **within thirty (30) days** of this Order.

(3)   The Court FINDS good cause to defer entry of the initial case scheduling order. If Defendant Zhao does not file a timely motion to dismiss, the Court will then promptly issue the scheduling order.

Dated this 15th day of November 2024.

Tana Lin
United States District Judge