UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FANG CONG and LIN JIANG,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>XUE ZHAO and "Conveyor Belt Sushi",<br><br>　　　　　　　　　Defendants. | CASE NO. 2:21-cv-01703-TL<br><br>ORDER ON MOTION TO DISMISS |

This matter is before the Court on Defendant Xue Zhao's Motion to Dismiss Under the Doctrine of *Forum Non Conveniens*. Dkt. No. 65. Having reviewed Plaintiffs Fang Cong and Lin Jiang's response (Dkt. No. 66), Defendant Zhao's reply (Dkt. No. 67), and the relevant record, the Court GRANTS the motion.

**I.　　BACKGROUND**

The Court assumes familiarity with the facts of this matter. Relevant to the instant motion, Plaintiffs bring claims of direct copyright infringement and "false statements and misrepresentation" against Defendant and "Conveyor Belt Sushi" (an apparent alias of

1  Defendant[1]) for the alleged use of Plaintiffs' artwork in the video game *Things As They Are*
2  ("*TATA*"). *See* Dkt. No. 52 (Amended Complaint) ¶¶ 194–210. The Court previously dismissed
3  with prejudice Valve Corporation as a defendant. *See* Dkt. No. 63. The Court also denied
4  Defendant's previous motion to dismiss. *See* Dkt. No. 64. However, Defendant was given
5  another opportunity to address his argument that the United States is an improper venue. *See id.*
6  at 4–5. Defendant now brings the instant motion for dismissal under the doctrine of *forum non*
7  *conveniens*. *See* Dkt. Nos. 65, 67 (reply). Plaintiffs oppose. *See* Dkt. No. 66.

## II.    Legal Standard

A district court may dismiss a case where litigation in a foreign forum would be more convenient for the litigants. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250 (1981). However, the common-law doctrine of *forum non conveniens* should only be employed sparingly. *Boston Telecomms. Grp. v. Wood*, 588 F.3d 1201, 1212 (9th Cir. 2009) (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)); *accord Carijano v. Occidental Petroleum Grp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). In determining whether to dismiss a case on these grounds, a court considers: (1) whether an adequate alternative forum exists; and (2) whether the balance of private and public interest factors weigh in favor of dismissal. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th. Cir. 2001); *accord Carijano*, 643 F.3d at 1224. A defendant bears the burden of establishing these factors. *Carijano*, 643 F.3d at 1224. A court ultimately decides "whether defendants have made a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." *Boston Telecomms.*, 588 F.3d at 1206 (quoting *Dole*, 303 F.3d at 1118).

---

[1] Plaintiffs allege that Defendant Zhao admitted in a Chinese court that "he used the identity of 'Conveyor Belt Sushi' to communicate with Plaintiffs and other artists he hired." Dkt. No. 52 ¶ 177; *see also* Dkt. No. 66 at 1–2 ("Defendant Xue Zhao refers to himself as 'Conveyor Belt Sushi' in Chinese courts and as 'Abai' in U.S. courts.").

Finally, "[a] determination of *forum non conveniens* 'is committed to the sound discretion of the trial court' and 'may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.'" *Boston Telecomms.*, 588 F.3d at 1206 (quoting *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 699 (9th Cir. 1995)).

### III.   DISCUSSION

Defendant argues that China is available as an adequate alternative forum (*see* Dkt. No. 65 at 4–5) and that the private- and public-interest factors weigh in favor of dismissal (*see id.* at 5–6). In opposition, Plaintiffs argues, among other things, that China is not an appropriate forum (*see* Dkt. No. 66 at 5–8) and that the factors weigh against dismissal (*see id.* at 12–16).

The Court first considers whether China is an adequate alternative forum before reviewing the factors, if appropriate.

**A.   Adequate Alternative Forum**

An adequate alternative forum is one where (1) the defendant is amenable to process there and (2) the other jurisdiction "offers a satisfactory remedy." *Carijano*, 643 F.3d at 1225. "This test is easy to pass . . . ." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006); *see also Lueck*, 236 F.3d at 1143 ("[I]t is only in 'rare circumstances . . . where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all,' that this requirement is not met." (quoting *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 768 (9th Cir. 1991))).

As an initial matter, Defendant has indicated that he is amenable to service of process in China; indeed, he insists he is subject to it, and he identifies the court in which he believes the case should be heard. *See* Dkt. No. 65 at 4; *Carijano*, 643 F.3d at 1225 (affirming that "voluntary

submission to service of process" is sufficient to meet the first requirement of an adequate alternative forum). The Parties' prior litigation in China is further evidence that Defendant is amenable to process there. *See* Dkt. No. 65 at 2. Plaintiffs appear to suggest that Chinese courts would not have jurisdiction (*see* Dkt. No. 66 at 5), but the argument is muddled and fails in light of Defendant's arguments and the record in this case.[2]

The main dispute, then, is whether China can provide Plaintiffs with "some" remedy for their claims if merited. *Lueck*, 236 F.3d at 1143; *accord Ranza v. Nike, Inc.*, 793 F.3d 1059, 1077 (9th Cir. 2015) ("A foreign forum must merely provide 'some' remedy."). While "an alternate forum offering a 'clearly unsatisfactory' remedy is inadequate," a dismissal on grounds of *forum non conveniens* "'may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery.'" *Carijano*, 643 F.3d at 1225 (quoting *Piper*, 454 U.S. at 250, 254 n.22); *accord Tuazon*, 433 F.3d at 1178 (holding that less-favorable substantive law in the alternate forum is "relevant only if it would completely deprive plaintiffs of any remedy or would result in unfair treatment").

Defendant argues that China has a "mature legal system for copyright protection" with "detailed provisions on compensation on copyright infringement, so surely the Chinese could provide quite sufficient remedy for Plaintiffs if merited." Dkt. No. 65 at 4, 5. Defendant also argues that the case was heard and resolved through mediation by the Qingdao Shinan District People's Court in June 2023. *Id.* at 2, 4. In opposition, Plaintiffs argue that the outcome of the Chinese mediation was "inadequate," noting that the court lacks enforcement power over U.S. companies and did not consider or resolve Plaintiffs' U.S. copyright claims. *See* Dkt. No. 66 at

---

[2] Defendant also clarifies that an "objection to jurisdiction" that he made in the prior Chinese litigation concerned venue within China, not the ability of any Chinese courts to hear the case. *See* Dkt. No. 67 at 9–10.

5–7. Plaintiffs adds that it is difficult to enforce Chinese court judgments in the United States. *See id.* at 7.

The Court finds that China is an adequate alternative forum for this copyright dispute. Crucially, Plaintiffs concede Defendant's assertion that "China has a mature legal system for copyright protection." Dkt. No. 65 at 4; *see* Dkt. No. 66 at 12 (concession). Plaintiffs note how they "have been able to advance the litigation process by utilizing effective information obtained in China" through a lawsuit against Weibo and use of China's Central Authority to serve process on Defendant. Dkt. No. 66 at 12. Plaintiffs also state that "litigating in *both* countries" is "crucial to fully protect Plaintiffs' rights," suggesting again that China offers *some* remedy for their claims. *Id.* (emphasis added). Further, "[n]umerous federal and state courts, . . . including the Supreme Court, have found China and its judicial system to be an adequate alternative forum." *King.com Ltd. v. 6 Waves LLC*, No. C13-3977, 2014 WL 1340574, at *3 (N.D. Cal. Mar. 31, 2014) (internal citation omitted) (in copyright dispute between two foreign corporations, concluding that China is an adequate alternative forum); *see also Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 435 (2007) (in negligent-misrepresentation dispute, concluding the matter "is a textbook case for immediate *forum non conveniens* dismissal").

Indeed, Plaintiffs do not dispute that they have already received "some" remedy through the case in China in which they agreed to a settlement through mediation. *See* Dkt. No. 66 at 5–7. Plaintiffs assert that the mediation did not cover infringements that occurred after the mediation was reached (*see id.* at 6), but they noticeably do not assert that they could not file a new case in China addressing new infringements not covered by the prior case. Plaintiffs also argue that the Parties' Chinese mediation was "limited to the infringement within the Chinese market and could not address infringing activities in other countries or regions" (Dkt. No. 66 at 6; *see also id.* at 8), a point that Defendant disputes (*see* Dkt. No. 67 at 8). But even if true, that fact would not

prevent dismissal, as a lesser or circumscribed remedy for Defendant's alleged copyright infringement is still "some" remedy. *See Creative Tech.*, 61 F.3d at 702 (in copyright dispute, holding that "[w]hile the scope of relief available in the High Court of Singapore may not be what [plaintiff] envisioned when it filed its claim in the United States district court, the *forum non conveniens* doctrine does not require it to be so"); *cf. Lockman Found.*, 930 F.2d at 768 (in copyright dispute, holding that even if Japanese courts rejected entire RICO and Lanham Act claims, that fact would not be sufficient to establish a clearly inadequate remedy when plaintiffs could still recover on tort and contract claims). Moreover, Defendant points out that a Chinese court could order him to remove *TATA* from the Steam platform, which he (as the game developer) would be able to do—further evidence that a remedy is available. *See* Dkt. No. 67 at 2–3.

While Plaintiffs concede China's "mature copyright legal system," they argue "this does not mean that Chinese courts are capable of effectively collecting and handling all aspects of this case." Dkt. No. 66 at 12. Plaintiffs seem to want to maintain a case in the United States because, they explain, "Plaintiffs are heavily reliant on the discovery process in U.S. courts to obtain critical evidence from Valve. The Chinese judicial process lacks a similar evidence disclosure mechanism, placing Plaintiffs at a significant disadvantage, which is unfair." *Id.* at 12–13. But this does not make the Chinese courts inadequate. *See Lockman Found.*, 930 F.2d at 768 (rejecting plaintiff's argument that Japanese courts were inadequate because Japan's procedural rules regarding pretrial discovery are "not identical to those in the United States"). Finally, Plaintiffs also admit that "China, as a forum, may provide a solution for certain disputes," but argue that "relying solely on Chinese courts cannot ensure that Plaintiffs receive *full and effective relief*." *Id.* (emphasis added). But again, a lack of "full and effective relief," or relief akin to what a U.S. court would provide, does not entitle Plaintiffs to maintain their case here. Even if Chinese law is ultimately "less favorable" than U.S. law, Plaintiffs do not argue that

there is *no* remedy; dismissal is thus permitted. *Carijano*, 643 F.3d at 1225; *see also Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009) (in affirming dismissal, noting the district court's observation that "Mexican courts would afford some remedy, even though less than available in this country").

### B.     Balance of Interests

Given the existence of an adequate alternative forum, the Court next evaluates the balance of private and public interest factors.

Naturally, the Parties do not agree on how to weigh the balance of interests here. *Compare* Dkt. No. 65 at 5–6 *and* Dkt. No. 67 at 4–7, *with* Dkt. No. 66 at 12–15. As an initial matter, the Court reiterates that "a foreign plaintiff's choice of forum merits less deference than that of a plaintiff who resides in the selected forum, and the showing required for dismissal is reduced," even if some deference is still merited. *Lueck*, 236 F.3d at 1145 (citing *Gemini Cap. Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998)). Thus, Plaintiffs' selection of this District receives less deference than it would if Plaintiffs resided here. Still, "less deference is not the same thing as no deference." *Carijano*, 643 F.3d at 1227 (quoting *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000)). The Court reviews all the private- and public-interest factors to reach a final determination.

#### 1.     Private-Interest Factors

"The district court should look to any or all of the [private-interest factors] which are relevant to the case before it, giving appropriate weight to each." *Lueck*, 236 F.3d at 1145. "It should consider them together in arriving at a balanced conclusion." *Id.* at 1145–46. The following private-interest factors must be considered: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to the physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost

of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Lueck*, 236 F.3d at 1145 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Defendant argues that the private-interest factors weigh in favor of dismissal. *See* Dkt. No. 65 at 5. Defendant argues that the Parties and "relevant" witnesses are Chinese nationals and live in China, "which makes it exceedingly inconvenient and costly for them to appear in the U.S. court." *Id.* Defendant also argues that the "main evidence . . . is published in Chinese on communication software and social media platforms of China," making access to proof and verification of that proof easier in China. *Id.* Finally, Defendant argues that enforceability of the judgment is easier in China, "considering the Chinese citizenship of both parties." *Id.*

In response, Plaintiffs argue that the private-interest factors weigh against dismissal. *See* Dkt. No. 66 at 12–14. Plaintiffs suggest that "video conferencing" can relieve the burden of litigation here. *Id.* at 13. Plaintiffs also argue that "there are numerous professional service providers" capable of helping the Parties process and verify evidence across borders. *Id.* Finally, Plaintiffs argue that U.S. courts have "direct jurisdiction" over U.S. copyright disputes, and that Defendant has demonstrated his ability overcome any legal differences, language barriers, or cultural differences. *See id.* at 14.

The Court finds that the private-interest factors weigh in favor of dismissal. All Parties are individuals located in China. *See Nexon Korea Corp. v. Ironmace Co. Ltd.*, No. C23-576, 2023 WL 5305996, at *8 (W.D. Wash. Aug. 17, 2023) (noting that all Parties were in Korea, the alternative forum). China is plainly a more convenient forum, as most of the witnesses (including the most important witnesses) and evidence are in China or written in Chinese, often on Chinese digital platforms—meaning that evidence would need to be transported and/or translated for litigation in the United States. *See id.* (noting that "it would be more convenient for all Parties to

litigate this matter in Korea," where "most" witnesses and evidence were located); *cf. Carijano*, 643 F.3d at 1231 (instructing that a court should evaluate "the materiality and importance of the anticipated . . . witnesses' testimony and then determine their accessibility and convenience to the forum" (quoting *Boston Telecomms.*, 588 F.3d at 1209)). Indeed, a review of Plaintiffs' allegations in the Amended Complaint demonstrates that China is the nexus of Defendant's alleged infringement. *See, e.g.*, Dkt. No. 52 ¶¶ 36–58; *see also Ranza*, 793 F.3d at 1078 (in affirming dismissal, weighing private-interest factors in favor of dismissal where alleged harm occurred in alternative forum, "relevant documents and witnesses [were] mostly located abroad," and "plaintiff does not even reside in the United States"); *Creative Tech.*, 61 F.3d at 703 (in affirming dismissal, finding no abuse of discretion in weighing private-interest factors in favor of dismissal where "[b]oth primary parties, the key infringing conduct, and the bulk of the witnesses" were located in an alternative forum).

Plaintiffs further argue that there are difficulties in enforcing Chinese court judgments *in the United States* (Dkt. No. 66 at 7), but there is no evidence (or argument) that judgments cannot be enforced *in China*, the alternative forum.[3] *Cf. Carijano*, 643 F.3d at 1231–32 (weighing this factor against dismissal where enforceability of judgments was difficult in the alternative forum). As to other "practical problems," Plaintiffs point to video conferencing, but the Court's expectation is that all proceedings occur in person; the Court does not rely wholesale on video conferencing, and Plaintiffs are not entitled to assert as much. Even though other challenges (*e.g.*, language barriers, cultural differences) could be overcome, that fact does not outweigh the other circumstances here. Finally, the compulsion of unwilling witnesses or the

---

[3] On the contrary, Defendant reports that he has paid the full amount due to Plaintiffs under their Chinese mediation agreement (*see* Dkt. No. 67 at 2) and that Plaintiffs "voluntarily accepted the mediation agreement and received the amount stipulated in the agreement in June 2023 without raising any objection" (*id.* at 3).

cost of bringing witnesses to trial are neutral factors at most, as the Parties do not offer any evidence or argument on them. Therefore, the private-interest factors weigh in favor of dismissal.

2. **Public-Interest Factors**

A court considers the following public-interest factors in evaluating an assertion of *forum non conveniens*: (1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum. *Lueck*, 236 F.3d at 1147 (first citing *Piper*, 454 U.S. at 259–61; then citing *Gulf Oil Corp.*, 330 U.S. at 508–09). These factors are weighed against each other in a balancing test to determine if they favor dismissal. *Id.* at 1145.

Defendant contends that the public-interest factors weigh in favor of dismissal. *See* Dkt. No. 65 at 5–6. Defendant argues that this case concerns a game "made by Chinese, available only in Chinese, and promoted only on Chinese platforms . . . which makes the buyers almost all Chinese," all of which involve no U.S. interest in the matter. *Id.* at 5. Defendant also argues that it would be a "heavy and undue burden on U.S. judicial resources" to hear cases like this one (*i.e.*, disputes between international game developers who release games on Steam). *Id.* at 6. Finally, Defendant argues that differences between U.S. and Chinese laws, language, and culture would result in "unnecessary problems in conflicts of law" and inefficient adjudication. *Id.*

In response, Plaintiffs argue that the public-interest factors weigh against dismissal. *See* Dkt. No. 66 at 14–15. Plaintiffs contend that Defendant's actions "have had a substantial impact on commerce in the United States," noting "Steam's role as the sole sales platform" for *TATA*. *Id.* at 14. Plaintiffs point out that many sales of *TATA* come from the United States and other countries. *See id.* at 15; *see also* Dkt. No. 66-1 (exhibit) at 9 (showing breakdown of *TATA* players as 57.1 percent Chinese, 14.3 percent American, and 28.6 percent "others"). Finally, Plaintiffs dismiss Defendant's concern about a wave of similar cases. *See* Dkt. No. 66 at 15.

      The Court finds that the public-interest factors weigh in favor of dismissal. The Western District of Washington may have a small interest in this matter, given that a small portion (14.3 percent) of total *TATA* sales occur in the United States (*see* Dkt. No. 66-1 at 9; Dkt. No. 67-1) and Valve, the operator of Steam, is headquartered here (*see* Dkt. No. 52 ¶¶ 25–26). "[B]ut this interest does not compare to the public resources that would be spent maintaining the action here." *Nexon*, 2023 WL 5305996, at *7. "On balance, it does not follow that the alleged infringement would give rise to a greater local interest in the resolution of this matter than if the matter is resolved in [China]." *Id.*; *see also Creative Tech.*, 61 F.3d at 704 (in affirming dismissal, finding "the United States' interest in resolving this controversy and the relation of the jury community to this controversy are extremely attenuated" where dispute was between two foreign corporations and did not involve American-made products or "substantively" involve American companies). Further, given the Parties' prior litigation in China, the United States's interest is "significantly diminished" because the Court would likely be "relitigating claims already decided in a foreign proceeding." *Ranza*, 793 F.3d at 1079. Finally, the remaining factors (*i.e.*, familiarity with governing law, burden on local courts and juries, and congestion in the courts) are all neutral at most, particularly since the Court has found China to be an adequate alternative forum. *See supra* section III.A; *see also Carijano*, 643 F.3d at 1232 (noting that these three factors "are all concerned with how well-equipped a jurisdiction is to handle a case"). Therefore, the public-interest factors weigh in favor of dismissal.

                            \*    \*    \*

      As both the private and public interest factors weigh in favor of dismissal, the Court concludes that this matter should be dismissed for *forum non conveniens*.

## IV. CONCLUSION

Accordingly, Defendant Xue Zhao's Motion to Dismiss Under the Doctrine of *Forum Non Conveniens* (Dkt. No. 65) is GRANTED.

Dated this 12th day of February 2025.

Tana Lin
United States District Judge