UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FANG CONG and LIN JIANG,<br><br>            Plaintiffs,<br>   v.<br><br>XUE ZHAO; "Conveyor Belt Sushi"; and VALVE CORPORATION,<br><br>            Defendants. | CASE NO. 2:21-cv-01703-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiffs Fang Cong and Lin Jiang's Motion for Reconsideration. Dkt. No. 70. Having reviewed Defendant Valve Corporation's response (Dkt. No. 72) and the relevant record, the Court DENIES the motion.

**I.    BACKGROUND**

The Court assumes familiarity with the facts of the case. Relevant here, on August 5, 2024, Defendant Valve filed a motion to dismiss, primarily arguing that the statute of limitations had run on Plaintiffs' copyright claim against it. *See* Dkt. No. 54 at 5–8. Plaintiffs opposed the motion, arguing that their addition of Valve as a defendant in November 2023 was timely

because the statute of limitations did not start running until January 2022, when Defendant Valve reinstated the subject copyrighted material—the video game *Things As They Are* ("*TATA*")—to Steam, its video-game sales platform. *See* Dkt. No. 57 at 6–8. Plaintiffs argued that the statute of limitations "should be calculated from the time Plaintiffs actually discovered Defendant Valve['s] infringing acts." *Id.* at 6. On November 15, 2024, the Court granted the motion, finding that the statute of limitations started running on June 18, 2019, when Defendant Zhao published *TATA* on Steam—an act that Plaintiffs were aware of by at least August 2019. *See* Dkt. No. 63 at 5–8. Plaintiffs now bring the instant motion to reconsider that Order. Dkt. No. 70. Plaintiffs argue that "there were serious errors of fact and law in the Court's prior ruling." *Id.* at 1. Specifically, Plaintiffs allege the Court did not properly account for the Separate Accrual Rule in considering the statute of limitations issue. *Id.* Plaintiffs also assert that they "found new evidence" that support their arguments. *Id.* at 2.

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) permits a court to "alter or amend" a judgment. "Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Fed. Prac. § 59.30[4] (3d ed. 2000)). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."

*Id.* (emphasis in original). Such motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).

Federal Rule of Civil Procedure 60(b) permits a party to "relieve a party or its legal representative from a final judgment, order, or proceeding" for certain enumerated reasons. Among those reasons are "mistake," Fed. R. Civ. P. 60(b)(1), including judicial errors of law, *see Kemp v. United States*, 596 U.S. 528, 539 (2022), and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1); *see Bynoe v. Baca*, 966 F.3d 972, 980 (9th Cir. 2020) ("To evaluate whether a party's delay in filing a Rule 60(b) motion was reasonable, we consider the party's ability to learn earlier of the grounds relied upon, the reason for the delay, the parties' interests in the finality of the judgment, and any prejudice caused to parties by the delay." (citing *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981))).

Local Civil Rule 7(h)(1) instructs that "[m]otions for reconsideration are disfavored." Such motions must be denied absent a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting reconsideration is an "extraordinary remedy," and the moving party bears a "heavy burden"). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Maryln Nutraceuticals*, 750 F.3d at 880 (quoting *Kona Enters.*, 229 F.3d at 890). "Whether or not to

grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Finally, a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2). Failure to comply with this deadline and other requirements "may be grounds for denial of the motion." *Id.*

### III.  DISCUSSION

Plaintiffs purport to bring this motion under Rules 59 and 60, even as they title the motion a "Motion for Reconsideration." *See* Dkt. No. 70 at 2. Defendant argues that the motion is governed instead by Local Civil Rule 7(h). *See* Dkt. No. 72 at 2. Regardless of which Rule is applied, Plaintiffs' motion must be denied. *See, e.g.*, *Klineburger v. Constantine*, No. C23-958, 2023 WL 8480765, at *2 (W.D. Wash. Nov. 15, 2023) (denying motion under Rules 59 and 60 as well as LCR 7(h)); *Wallace v. Live Nation Worldwide, Inc.*, No. C20-799, 2021 WL 4033771, at *2 (W.D. Wash. Sept. 3, 2021) (same). Defendant Valve aptly summarizes the problem: Plaintiffs "seek leave to re-argue a statute of limitations issue already addressed in the Motion to Dismiss and to offer additional alleged evidence that was always available to them but which they did not raise either in their Second Amended Complaint or in their opposition to [Defendant] Valve's Motion to Dismiss." Dkt. No. 72 at 1.

**A.  Rule 59(e)**

Plaintiffs' motion fails under Rule 59(e). Plaintiffs are patently seeking to raise new arguments and present evidence for the first time that could have reasonably been raised earlier in this litigation. *Kona Enters.*, 229 F.3d at 890.

As to arguments, Defendant Valve raised the Separate Accrual Rule in its Motion to Dismiss (*see* Dkt. No. 54 at 6) but Plaintiffs inexplicably failed to address this issue in their response (*see generally* Dkt. No. 57). Plaintiffs admit that their response "failed to adequately

consider and cite relevant legal provisions," a failure that was "unintentional" and a result of their "inexperience as Pro Se litigants and misunderstanding of the law." Dkt. No. 70 at 3. But as this Court has repeatedly instructed, including in this matter, "[i]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." Dkt. No. 51 at 4 (quoting *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022)).

As to facts, Plaintiffs do not explain why their purported "newly discovered evidence" (Dkt. No. 70 at 2) could not have been raised at any prior point in this litigation, or at least in their opposition to Defendant Valve's Motion to Dismiss. *See Maryln Nutraceuticals*, 750 F.3d at 880. Plaintiffs' "new" evidence consists of screenshots purporting to show *TATA* updates and sales, as well as other acts by Defendant Valve. *See* Dkt. No. 70-1. But the vast majority of this evidence is dated prior to Defendant Valve's motion—some of it even prior to the filing of this lawsuit—and as Defendant Valve argues (*see* Dkt. No. 72 at 5–6), Plaintiffs do not explain why this evidence was not previously presented to the Court.

**B.    Rule 60(b)**

Plaintiffs' motion also fails under Rule 60(b). As Defendant Valve argues (*see* Dkt. No. 72 at 3–5), Plaintiffs do not explain how their now-cited legal authorities demonstrate "mistake" in the Court's prior Order; instead, they simply cite cases for the broad principle of the Separate Accrual Rule and make conclusory statements about their application to this matter. *See* Dkt. No. 70 at 2–5. For example, Plaintiffs cite *Capital Records, LLC v. ReDigi Inc.*, 910 F.3d 649 (2d Cir. 2018), as a case where the court "applied the Separate Accrual Rule continuous infringement related to a digital product" (Dkt. No. 70 at 3), but as Defendant Valve points out (Dkt. No. 72 at 5), that decision does not analyze the Separate Accrual Rule or discuss the Copyright Act's statute of limitations at all. Plaintiffs also continue to ignore *Bell v. Oakland Cmty. Pools Project, Inc.*, No. C19-1308, 2020 WL 4458890, at *5 (N.D. Cal. May 4, 2020),

1   cited by Defendant Valve in its Motion to Dismiss (*see* Dkt. No. 54 at 6), which found that "the
2   mere fact that [an infringing] document remained online does not trigger the separate-accrual
3   rule." Defendant Valve raises the concern that allowing good-faith compliance with the DMCA's
4   take-down and put-back procedure to constitute a separate copyright infringement "would have
5   the perverse result of punishing compliance with the DMCA and would create zombified
6   copyright actions, allowing plaintiffs to vivify time-barred infringement claims by sending
7   DMCA take-down notices whenever they decided it was in their financial interest to pursue
8   claims that were barred by the statute of limitations." Dkt. No. 72 at 6–7. The Court, like
9   Defendant Valve, has found no case supporting this proposal.

10       Further, as discussed above, *see supra* Section III.A, Plaintiffs do not explain why their
11  "newly discovered evidence" was not previously presented to the Court. And Plaintiffs' delay in
12  filing a Rule 60(b) motion was unreasonable, as Plaintiffs could have raised the Separate Accrual
13  Rule at the time of Defendant Valve's motion but inexplicably did not do so. *See Bynoe*, 966
14  F.3d at 980.

15  **C.    LCR 7(h)**

16       Finally, Plaintiffs' motion also fails under LCR 7(h). As an initial matter, the deadline to
17  file a motion for reconsideration was 14 days after the Court's prior Order (*i.e.*, November 29,
18  2024); this delay alone is grounds for denial, and it suggests that Plaintiffs are trying to use Rules
19  59 and 60 to make an end-run around LCR 7(h). Moreover, as discussed above, Plaintiffs have
20  not demonstrated any legal error, let alone "manifest error," in the Court's prior Order. *See supra*
21  Section III.B. And as also discussed, Plaintiffs do not explain why their arguments and evidence
22  are "new facts or legal authority" that could not have been brought to the Court's attention
23  earlier. *See supra* Sections III.A–B.

24

## IV.  CONCLUSION

Accordingly, Plaintiffs' Motion for Reconsideration (Dkt. No. 70) is DENIED.

Dated this 6th day of March 2025.

                                             Tana Lin
                                             United States District Judge